Mr. Justice ThaoheR
delivered the opinion of the court.
This is an action instituted under the act of 1840, entitled, “ an act to reduce into one the several acts and parts of acts for the benefit of mechanics.” The suit was commenced by filing a petition and issuance of process on the 7th day of April, 1846. The petition sets forth that the plaintiffs furnished the defendant with lumber, at his request, in the year 1845, which was used by him in the construction of a certain building, erected on a described lot oMand belonging to the defendant, the value of which lumber amounted to $341.65. The petition further sets forth, that in settlement of a portion of said sum of $341.65, the defendant made and delivered to the plaintiffs on the 6th day of May, 1845, his promissory note for the sum of $241.21, payable one day after date, and that the remainder of the sum of $341.65 was due for lumber furnished iri 1845, but payable on the first day of January, 1846, for which an account is filed.
The answer to the petition denies that the plaintiffs furnished *629 him lumber in 1845, which was used by him in the construction of the building aforesaid, but alleges that the lumber of which the house was constructed, was furnished in 1844, and was payable on the first day of January, 1845, and was settled by a cash payment, and the note described in the petition.
The proof, as to the above points made in the petition and answer, was that the lumber, of which the building was constructed, was furnished in 1844, except a quantity of the value of about one hundred dollars, furnished in 1845, a small portion of which was used in the building, and the remainder in the erection of a fence enclosing the building. It was also proved that the accounts for lumber furnished in 1844, were considered at the mill of the plaintiffs to be due on the first day of January, 1845. It was likewise proved, that the promissory note was given in payment of lumber furnished for the erection of the building.
At the trial, two instructions were refused by the circuit court which were asked by the plaintiffs, and several given for the defendant. These instructions had relation to what constituted the time of the payment for the lumber furnished for the erection of the building, and tended to instruct the jury that the maturity of that indebtedness occurred more than twelve months previously to the institution of the suit.
The lien appended by the statute to mechanics and others mentioned therein, gives them a preference over other creditors of a party, and, therefore, can only be claimed by those who bring themselves strictly within its provisions. Such statutory liens cannot be preserved if their beneficiaries deviate from the contract as originally made and secured by the statute. Parties will not be permitted to extend the time -when the lien shall attach, and thus indefinitely postpone others less favored. Now the evidence in this case shows that the lumber, except a small amount furnished for the erection of the building, was delivered in 1844, and that the time of payment for it did not extend beyond the first day of January, 1845. If the answer may be deemed evidence, it shows that the note was given in payment of an account, the last item of which bears date in December. *630 1844. It was proved that the note was given for the lumber, but it was also proved that the proper time for the payment of the lumber was at the expiration of the year 1844; and hence it follows that the plaintiffs, by taking the note, extended the time of payment beyond the time it should have been made, according to the original contract. The note is evidence of a time of payment, but not of the time of payment by the contract when the contrary is shown. As the case was presented by the evidence in the circuit court, the ruling of that court was correct.
Judgment affirmed.