WM. R. MOORE DRY GOODS CO. *v.* AINSWORTH ET AL.

[70 South. 885.]

1. BILLS AND NOTES. *Validity. Fraud.*
   When the agent of plaintiff acting in good faith promised the defendant further credit and an extension of time, in order to secure their signatures to notes for a preexistng debt, the fact that plaintiff later refused to extend the credit promised was not such a fraud as invalidated the notes.

110 Miss.—45

2. SAME.

> In such case the failure of the plaintiff to allow further credit was but a partial failure of consideration and defense to an action on the notes only in the nature of a set-off to the extent of actual loss caused by the failure of plaintiff to carry out the obligation to extend further credit.

APPEAL from the circuit court of Simpson county. HON. W. H. HUGHES, Judge.

Suit by William R. Moore Dry Goods Company against W. C. Ainsworth and others. From a judgment for defendants, plaintiff appealed.

The facts are fully stated in the opinion of the court.

*Watkins & Watkins,* for appellant.

It is very true that where fraudulent representations of fact have induced the entering into a contract, these fraudulent representations may be shown in order to show that no contract was ever entered into, or in fact, existed, which is the well settled rule in Mississippi, and everywhere else, so far as we know. The only trouble about the contention is that the promises alleged to have been made by appellant's special agent, Hudson, were merely promissory statements, and not representations, of existing facts, and, therefore, do not fall within the rule stated by counsel for the appellee.

The case of *Wren* v. *Hoffman,* 41 Miss. 616, is not an authority in favor of the appellee, but supports the appellant's contention. The rule for which we contend, that, in order that a fraudulent statement of facts may avoid a contract, there must be more than a mere promissory warranty, is supported by all the authorities.

In 20 Cyc. page 20, the follwoing rule is announced: "Promissory statements. (A) In general, as a general rule, false representations upon which fraud may be predicated must be of existing facts, or facts which previously existed, and cannot consist of mere promises or conjectures as to future acts or events, although such

promises are subsequently broken, unless the promise includes a misrepresentation of existing facts, or the statement as to some matter peculiarly within the speaker's knowledge, and he makes the statement as a fact. Whether a false statement or intention may be actionable, appears not to be definitely settled. On the one hand, it is held that, although it is difficult to prove what the state of a man's mind is at a particular time, yet if it can be ascertained, it is as much a fact as anything else; and thus that a statement of intention is a statement of fact, and if it is false and accompanied by the necessary elements of actionable fraud, it may constitute grounds for an action of deceit. On the other hand, it is held that a statement of intention is merely a promissory statement, and therefore, is not actionable, although false."

It is well settled that a mere breach of a promissory warranty cannot be construed into a fraudulent statement of fact so as to avoid a contract.

*J. P. Edwards,* for appellee.

We contend that if Mr. Hudson held out such inducements to the defendants to execute these notes, and by such inducements procured their signatures to the notes, that such was clearly a fraud, and that it makes no difference whether Mr. Hudson was a special or a general agent of plaintiff the note having been so procured is null and void. We do not think it could be seriously contended that plaintiff could accept that part of the contract which inured to his advantage and repudiate those that were to the advantage of the defendants simply because the note was procured by a special agent; that those things that were fraudulently done were beyond his authority while those very acts were the reason that procured the notes. Plaintiff must endorse all the acts of Mr. Hudson in and about procuring the settlement of the account by notes or none.

"Fraud vitiates every contract into which it enters, and where it evinces that plaintiff is not entitled to recover anything because of its existence, it is properly cognizable in a court of law. *Brewer* v. *Harris,* 2 S. & M. 84.

Counsel contended that Harrison had paid some of the notes executed under such conditions, but all the testimony denies this, and even if he had done so, this would not have validated the notes that were unpaid and obtained through fraud. "All contracts, the execution of which has been obtained by fraudulent representations, are void and cannot be subject to waiver. *American Cent. Insurance Co.* v. *Antram,* 86 Miss. 224, 38 So. 626.

"Fraud vitiates everything and may be predicated of promises designed to entrap the unwary and never intended to be kept as well as of misstatement of facts." *Patten-Worsham Drug Co.* v. *Planters Mercantile Co.,* 86 Miss. 423, 38 So. 209.

It seems to be the contention of counsel for plaintiff, that if Mr. Hudson was a special agent, and that he perpetrated a fraud in the procurement of the note in settlement of the account, and that this was done without the knowledge or ratification of the plaintiff, then plaintiff would not be bound by such acts of his special agent. On this point we beg to quote the following from this court: "A person innocent himself of fraud, cannot hold property, or an advantage gained for him by the fraud of another." *Planters Bank* v. *Neely,* 7 How. 80.

Counsel seems to get the idea that the defense set up in this case and the testimony offered and allowed by the court violates the well-settled rule that oral evidence is inadmissible to vary the terms of a written contract. The plea nor the testimony attempts nothing of the kind. It can always and under all circumstances be shown by oral evidence that a contract was procured by fraud or that the same was never legally executed as

was held by this court in the case of *Howie Bros.* v. *Walter Prat Co.*, 83 Miss. 15, 35 So. 216.

In the above cited case the following is the language of Chief Justice Whitfield: "It is said in *Wren* v. *Hoffman*, 41 Miss. 620, that parol evidence may be admitted to show that the instrument is altogether void, or that it never had any legal existence or binding force, either by reason of fraud, or for want of due execution and delivery. This qualification of the rule applies to all contracts. The court's ruling in admitting the testimony showing that the contract was procured by fraud was therefore correct. It is one thing to attempt to vary, alter, or contradict the terms of a written contract once validly executed, and quite a different thing to show that the contract offered never had any legal existence, because its execution was procured by fraud."

On the vital point, that is as to the representations made by Hudson, and that these representations induced the defendants to execute the notes, there is absolutely no conflicts as will be seen by the evidence.

Potter, J., delivered the opinion of the court.

The appellant, William R. Moore Dry Goods Company, a mercantile corporation of Memphis, Tenn., was plaintiff in the trial court, and filed its declaration in the circuit court of Simpson county against W. O. Ainsworth, H. K. Ainsworth, and L. E. Robinson, appellees, upon two promissory notes, indorsed by them for one Mrs. E. J. Harrison in the sum of two hundred dollars each, dated February 26, 1912, and maturing November 1, 1912. The defense to this action, set up by the way of special plea, was that the signatures of the defendants to the notes were obtained by the fraud of the appellant, through its agents and representatives, in that E. J. Harrison, the principal in said notes, was indebted to the appellant for goods, wares, and merchandise previously bought of the appellant, and this said

indebtedness was past due, and that appellant's agent, one Hudson, promised Mrs. Harrison, if she would execute notes for the indebtedness above mentioned, that his principal, the William R. Moore Dry Goods Company, would extend to the firm of E. J. Harrison & Co., at a future date, on demand, further credit in the sum of five hundred dollars, and, acting on the faith of this promise, the notes were executed and the indorsers signed same; and it is alleged that about thirty days afterward appellee ordered goods from appellant to the extent of three hundred and fifty dollars or four hundred dollars, and that in violation of this agreement appellant refused to ship the goods and extend the credit above mentioned as promised, on account of the bad financial condition of the community. This is relied upon as a complete defense in bar of this action.

The appellant demurred to the above plea, and the demurrer was overruled, and thereupon the case was tried; and although the appellant denied the agency of its representative in the matter of making the contract mentioned, and testified that the agent was a special agent, and only had conferred upon him the authority to collect this patricular account and to take notes therefor, the court below gave a peremptory instruction in favor of the defendant. It is true that the appellees in this case testified that they only signed the notes in question because of the promise to extend a new line of credit for five hundred dollars to the firm of E. J. Harrison & Co., yet it is clear that Mrs. E. J. Harrison owed the debt for which the notes were given, which indebtedness was past due at the time the notes were executed, and that she obtained a long extension of time for the payment of the indebtedness she then owed, and that the notes in question only represented this indebtedness. It is clear that one consideration for the execution of the notes was the extension of the time of payment. At the most, therefore, there was only a partial failure of consideration on the part of appellant.

Although fraud is charged in the plea in reference to the alleged promise to extend this line of credit, yet there is no evidence to show that, at the time the appellant is said to have made the promise, it was not acting in good faith, and there is no testimony to substantiate the plea of fraud. At the most, in this case a partial failure of consideration, in that the appellant failed to carry out his promise to extend credit to the extent of five hundred dollars to appellee Harrison, has been shown. Where there is a partial failure of consideration, such failure is only a defense *pro tanto* to the obligation. In other words, if the defendants could show that to the extent of a certain amount in dollars and cents they had been damaged by the failure on the part of the plaintiff to carry out his alleged obligation, they would only be entitled to a set-off to this extent. This is the rule laid down in 3 Ruling Case Law, 945, and the authorities cited thereunder.

In this case, however, nothing except nominal damages are shown, because of the failure of the appellant to extend the five hundred dollar line of credit alleged to have been promised by the appellant to Mrs. Harrison. If the appellees had alleged in their pleadings that at the time the goods in question were ordered the market was lower, and afterwards Mrs. Harrison was forced to buy the same goods at a higher price, and the differences in price had been shown, the notes probably would have been entitled to a credit to the extent of the difference; but no such plea was made, and no such proof offered. There is absolutely no showing that the appellees were in any way damaged by the failure of the appellant to extend the credit which they say was promised.

The appellant, plaintiff in the court below, was entitled to the peremptory instruction requested for the face of the notes, with interest at the rate of eight per cent. per annum, and ten per cent. of the principal and interest as attorney's fees. Therefore appellant will have

judgment here for each of said notes of two hundred dollars and interest thereon at the rate of eight per cent. per annum from November 1, 1912, and ten per cent. of the total amount of principal and interest as an attorney's fee, and, in addition thereto, costs in this court and in the court below.

Reversed, and judgment here for appellant as above indicated.

*Reversed.*