WALKER *et al. v.* MACON CREAMERY CO.

(Division B. Feb. 27, 1933. Suggestion of error overruled March, 13, 1933.)

[146 So. 442. Mo. 30474.]

**L. L. Martin,** of Macon, for appellants.

W. B. Lucas, of Macon, and **Gabe Jacobson,** of Meridian, for appellee.

Eth**r**idge, P. J., delivered the opinion of the court.

The appellee filed a proceeding in the circuit court of Noxubee county to enforce a materialman's lien under section 2258, Code 1930, upon a residence and the lot upon which it was situated, erected by Mr. and Mrs. W. A. Walker, setting forth that it furnished the material for the erection of said dwelling house, and attaching to its declaration an itemized statement of the materials so furnished. showing a balance due of five hundred fifty-one dollars and forty-three cents. It was alleged that the money for the material became due on June 25, 1931, and that on the 30th day of June, 1931, W. A. Walker and wife executed three promissory notes for one hundred eighty-three dollars and eighty-one cents each, due and payable September 30, October 30. and November 30, 1931, respectively; said notes providing for ten per cent. attorney's fees if placed in the hands of an attorney for collection.

The Bank of Macon was made a party defendant, and it appears that on the 26th day of May, 1931. W. A. Walker and Annie C. Walker, who is the same as Mrs. W. A. Walker, executed a note and deed of trust to the Bank of Macon for three thousand, three hundred dollars conveying the land and house erected, or being erected, as the consideration therefor. This note secured by this deed of trust became due and payable on January 1, 1932.

The Bank of Macon, in its answer, set up that it furnished said money for the purpose of building said house,

and that the money was to be used for no other purpose, and that it was understood and represented by the borrowers that the money would be sufficient, under the estimates furnished, to fully cover the expense of erecting said building. It further set up that it was an incumbrancer for value without notice, and that it had a superior lien to that of the appellee, the Macon Creamery Company.

It appears from the testimony of W. A. Walker that, at the time he borrowed said money, the estimates he had, showed that it would be sufficient to erect said building, but that, in fact, the erection of the building cost more than that amount, and that without applying to the Bank of Macon, or giving it any notice thereof, he purchased additional materials from the appellee, the creamery company, and delivered to it a note for one hundred dollars of a named party, and also certain rent notes amounting to three hundred dollars payable in monthly installments of twenty-five dollars each, which were to be applied on the debt due by him to the creamery company, and that he was entitled to a credit of four hundred dollars upon the amount sued for, on his understanding of the transaction.

The appellee, the creamery company, admitted the receipt of the one hundred dollar note and that Walker was entitled to credit for it, but denied that it received three hundred dollars in rent notes for credit on the amount due, claiming that it received them only as collateral or additional security to its claim against Walker.

The proof does not show that a contract was made with the creamery company to furnish a given amount, or all, of the material, but only that material was ordered from time to time between May 9 and June 25, 1931, and that the material was delivered at various times. There was no written contract, or no showing in the original contract, that Walker and his wife were to pay any attorney's fees. But after the final delivery of the material,

then the notes executed provided for attorney's fees in case they were placed in the hands of an attorney for collection.

It appears that the rent notes given by third parties to Walker, and delivered by Walker to the Macon Creamery Company, were delivered subsequent to the execution of the notes sued on.

At the conclusion of all the testimony, the court granted a motion to strike out the evidence, and a peremptory instruction for the Macon Creamery Company, rendering a judgment for the full amount with attorney's fees, less a credit of the one hundred dollars admitted by the creamery company to have been paid, from which judgment this appeal is prosecuted.

There is no showing that any contract was recorded in favor of the Macon Creamery Company, nor is there any testimony that the Bank of Macon had notice that said creamery company furnished, or was under contract to furnish, material or labor for the erection of the residence. The only evidence upon this question is that the cashier of the Bank of Macon who made the loan knew that the building was being erected at the time the loan was obtained, but he testified that he had no knowledge that the creamery company, the appellee, had any claim, or that it was furnishing material for the erection of the residence.

Section 2258, Code 1930, giving a lien for labor and material furnished, in the concluding paragraph recites that: "Such lien shall take effect as to purchasers or encumbrances for a valuable consideration without notice thereof, only from the time of commencing suit to enforce the lien, or from the time of filing the contract under which the lien arose, in the office of the clerk of the chancery court."

The court below seems to have proceeded upon the idea that notice that the building was in course of construction was sufficient notice to advise the bank of the

rights of the creamery company, plaintiff in the court below, appellee here. We think the court was in error in this view. It was distinctly understood by the Bank of Macon to pay off amounts due for labor and material. It was incumbent upon the creamery company either to file its contract for record, or to institute proceedings to enforce its lien, or to give notice in some manner to the person affected of its rights in that regard.

The evidence further shows that one thousand, seven hundred dollars of the money received from the bank went to the creamery company. We think, therefore, it was error to hold that the creamery company's claim was superior to that of the bank. The deed of trust given to the bank was duly placed of record, and the creamery company was thereby given notice of the bank's lien. The money received by the creamery company was furnished by the bank to Walter to be applied in the discharge of outstanding claims against the building that existed prior to the giving of the deed of trust.

We think that, instead of giving judgment for the creamery company as against the bank, the court below should have given judgment in favor of the bank, or establishing a superiority of its claim over that of the creamery company. We also think it was error for the court to have given a lien, by its judgment, on the building erected for attorney's fees. The statute gives a lien for material and labor, and this debt had, according to the allegations of the petition, already matured before the notes providing for attorney's fees were executed, and the lien could not be extended so as to include additional charges to constitute a lien. It, of course, was a personal obligation of Mr. and Mrs. Walker, but was not a lien upon their home.

We also think that the court should have submitted to the jury the proof as to whether or not the three hundred dollars worth of notes were delivered to the creamery company to be credited on the debt, or whether they

were merely received for collection to be applied on the debt if collected. The court should not have given a peremptory instruction upon this issue.

We think the conclusions we have reached in this matter on the issue between the creamery company and the bank are sustained by the case of Parsons v. Foster, 154 Miss. 363, 122 So. 387. That case is very much like the case at bar, and on page 373 of 154 Miss., 122 So. 387, 389, the court said that: "The recorded deed of trust in appellant's favor constituted an admitted prior and superior lien on the land, and was also a lien on the house erected thereon with the money advanced by him for that purpose. Whether the asserted mechanic's lien was superior to that of the deed of trust was a matter in which the appellant was vitally interested. A mortgagee has more than a mere right to redeem as against a prior lien. He has the right to contest its validity, its existence, or the existence of an indebtedness which could be the basis thereof, or to assail its priority, and for this purpose he is entitled to his day in court. Section 3065, Code 1906 (section 2587, Hemingway's 1927 Code), provides that the defendants, or any of them, by answer to the petition, may make any defense they may have against the demand of the plaintiff, and also any counterclaim against him touching the subject-matter of the suit. If the defendant had been made a party to the proceeding in the justice court, he would have had an opportunity to avail himself of this statutory right, and having done so, or had the opportunity to do so, a decision and judgment establishing a superior lien in the plaintiff's favor would have conferred the right to sell the house free from the lien of appellant's deed of trust, with the right in the purchaser to remove the same. The appellant clearly came within the class or designation of a 'person having an interest in the controversy' and as such he was a necessary party to the suit to condemn the property, or any part thereof, to be sold, and since

he was not made a party to such proceeding, his rights were not affected thereby, and the judgment entered therein was void as to the appellant and conveyed no right to sell the house free of his claim or lien, as was proposed to be done under the special execution for the sale of the house alone."

It appears from the decision in this case, which was an injunction to prevent a sale under a judgment in favor of a mechanic's lien, that it was clear that the mechanic's lien or materialman's lien is inferior to a deed of trust taken on the property, and recorded, prior to the furnishing of the material and work, or of which the parties had notice thereof.

In our view, the proof was insufficient to show any notice to the bank of any material furnished, prior to the taking of the deed of trust. Under the terms of the statute, the bank would not be affected unless it had such notice.

The judgment against the bank will be reversed, and judgment will be rendered here declaring its lien superior to that of the creamery company, and the judgment against W. A. Walker and wife will be reversed and remanded.

Reversed and judgment here for the bank, and reversed and remanded as to Mr. and Mrs. Walker.