BLEULER *v.* INDIAN COMPANY.

No. 41283 November 16, 1959 115 So. 2d 537

*Louis Hengen,* Biloxi, for appellant.

*Albert S. Johnston, Jr.,* Biloxi, for appellee.

LEE, J.

The Indian Company, a Delaware corporation, sued Norman Bleuler, doing business as Biloxi Indian Sport

Shop, in the county court of Harrison County, to recover $463.41, being the principal of a note and interest and reasonable attorneys fees for collection. There was a verdict and judgment for the defendant. On appeal, the circuit court reversed the judgment of the county court and entered judgment for the company in the sum of $385.72 and all costs. From that judgment, Bleuler appealed, and the company prosecuted a cross-appeal.

The Indian Company by its original declaration sought to recover $385.72, being a balance of $342.49 and interest of $43.23, alleged to be due on account of the sale and purchase of merchandise. A sworn itemized statement of the account was attached to the declaration.

Thereafter, the plaintiff filed an amended declaration, alleging that, on June 5, 1953, Norman E. Bleuler made, executed and delivered to it his promissory note in the amount of $443.40, payable in 12 monthly installments of $36.95, due and payable on July 5, 1953, and each month thereafter, with interest at the rate of 8% per annum and reasonable attorneys fees for collection, on which, it was said, the defendant was entitled to a credit of $100. The total amount demanded for principal, interest, and attorneys fees, was $463.41. A copy of the note was attached.

The defendant answered and admitted the execution of the note, but denied that there was any consideration therefor. He averred that, when he executed the note on June 5, 1953, he did not owe the plaintiff anything; that he had paid his account with it in full; that he had sold the business on April 25, 1951, to Robert J. Garrett, who, in turn, sold it, on September 1, 1951, to D. P. Scribiner; that these purchasers, in each instance, assumed payment of the account to the plaintiff; that the plaintiff, in each instance, was fully informed as to the sale and assumption; that, after his sale of the shop, the plaintiff extended credit to the above-named purchasers in the amount of $443.40, which is the amount of the defend-

ant's note; that the plaintiff induced him to assume the outstanding obligations of Garrett and Scribiner on its assurance that it would grant him the Indian dealership in Biloxi, with all of its motor and sales services; but that, instead of doing so, it gave the dealership to another person and refused to carry out its representations; and that, therefore, there was no consideration for the note, he was not indebted to the plaintiff, and no payment had been made on the note.

Plaintiff offered the original promissory note in evidence, and rested.

Norman Bleuler testified that he operated the Biloxi Indian Sport Shop, selling Indian motorcycles and various other machines, from July 1948 until April 25, 1951, at which time, he sold the business to Robert Garrett, under the agreement that the grantee assumed the payment of all outstanding indebtedness. Subsequently, Garrett sold the business to D. P. Scribiner under a like agreement. However, Bleuler did not prove that the Indian Company knew of such sales or approved of such assumptions. On the contrary, the evidence for the plaintiff was that it did not know of such sales; it did not agree thereto; it was never notified of such assumptions; and it did not accept Scribiner or Garrett in the place of Bleuler. Bleuler took over the business from Scribiner in February 1953, and apparently found himself in financial difficulty.

Bleuler, on May 5, 1953, wrote a letter to the plaintiff in which he sought an extension of his account. On May 13, 1953, the Company, by letter, advised that it could not grant the extension as requested. On May 22, 1953, Glenn L. Swetman, of the Peoples Bank, which held a chattel mortgage on the furniture and equipment in the shop, wrote a letter to the attorneys for the plaintiff in which he advised that Norman Bleuler of the Biloxi Indian Sport Shop had handed him the plaintiff's letter of May 13, which acknowledged receipt of Bleuler's letter

of May 5, and which denied his request for an extension "on the account he owes the Indian Sales Corporation which is now past due". Swetman's letter further said: "He (Bleuler) has asked that I write you in his behalf, substantiating the claims he has made to you as to his endeavoring to work out the Biloxi Indian Sport Shop so that there will be no loss to your clients or the other creditors." The letter also said: "I feel that by you extending a little more time and by accepting the $25.00 per month offered by Mr. Bleuler you will eventually recover your client's funds." The letter explained that the writer was on the ground and knew the situation, and trusted "that you can see your way clear to accept his original proposition".

Bleuler then signed the note sued on in the amount of $443.40. Thereafter, by letter of date of June 11, 1953, the attorneys for the plaintiff informed Bleuler that they were prepared at that time "to permit you to liquidate this account by monthly installments of not less than $25.00 per month." On the same date, the attorneys also confirmed to Glenn L. Swetman that in view of his letter of May 22, 1953, "on behalf of the debtor, our client, The Indian Company, has granted to Mr. Bleuler an extension by permitting him to pay for this account in small monthly installments."

In Swetman's letter, nothing whatsoever was said about Bleuler's dealership, either as to its previous loss or his wish to have it restored. The whole burden of the letter was to get an extension of time within which to pay the debt. As a result of that letter, the Company receded from its first position and agreed to let Bleuler pay in monthly installments. He then signed the note.

 █ In his testimony, Bleuler said that he signed the note to get his dealership back. But, if his dealership had in fact been cancelled, his evidence was insufficient to show that any authorized representative of the Company, as a consideration for the execution of the note,

promised to restore his dealership. Since he admitted that he signed the note, obviously he assumed the burden of showing a lack or failure of consideration.

■■ In view of the positive evidence of the appellee that it did not know of the sale by Bleuler to Garrett, Garrett's sale to Scribiner, and Scribiner's sale to Bleuler, even though the purchases, for which the note was given, were in fact made by Garrett and Scribiner, the most that Bleuler could have claimed was that his liability was doubtful. Thus the appellee's forebearance to sue was a sufficient consideration to support the note. Stanley v. Sumrall, 167 Miss. 714, 147 So. 786; Leval & Co. v. Caver, 222 Miss. 400, 76 So. 2d 231; Sections 65, 66, Code of 1942 Rec.

A careful study of the record leads inescapably to the conclusion that Bleuler wholly failed to establish his proffered defense against the payment of the note. Under the evidence, no issue was made for a jury. The requested peremptory instruction for the plaintiff therein should have been given.

Since the county court was in error in submitting the cause to a jury, the circuit judge properly reversed the judgment and entered a judgment for the Company.

■■ However, on the date of the trial in the county court, March 12, 1957, the principal of the note, dated June 6, 1953, less the $100 credit, that is, $343.40, was of course due; and, in addition, interest thereon at the rate of 8% per annum in the amount of $103.52 had accrued. Thus principal and interest at that time amounted to $446.92. While the evidence for the plaintiff was to the effect that a reasonable attorney's fee for the collection of the note would be 25% or $50.00, the effect of defendant's cross-examination amounted to a concession that 10% would be a reasonable fee therefor. Therefore, the circuit court, on appeal, should have entered judgment for $446.92, principal and interest, and would have

been fully warranted in fixing a reasonable attorney's fee at 10% of the amount to be collected, or $44.69.

Consequently the judgment of the circuit court is corrected by substituting $446.92 for $385.72, and adding thereto an attorney's fee in the sum of $44.69, or a total of $491.51, as the judgment against the appellant. The principal sum of the note has continued, since March 12, 1957, to bear interest at 8%. Section 39, Code of 1942 Rec.

From which it follows that the cause must be and is affirmed on direct appeal; and on cross-appeal, the judgment is reversed in part and rendered for the appellee here for the correct amount.

Affirmed on direct appeal; and on cross-appeal, reversed in part and rendered for the appellee.

*Roberds, P. J.,* and *Kyle, Holmes* and *Arrington, JJ.,* concur.