FORTENBERRY *v.* WILSON, et al.

No. 42844 December 20, 1963 158 So. 2d 704

154

*Tate Thigpen,* Picayune, for appellant.

*Ray M. Stewart,* Picayune; *Simrall, Aultman & Pope, Stone D. Barefield,* Hattiesburg, for appellees.

Jones, J.

This case involves the rights of those who furnished materials used in the construction of a building. The facts are undisputed. The chancellor held that the materialmen were general creditors of the contractor which had been placed in receivership. With this holding we disagree and the case is reversed.

The facts were these: Calvin Wilson was the owner of a lot in the City of Picayune. On February 28, 1962, he and his wife made a written contract with National Shell Homes, Inc., for the construction of a residence to cost $4,615.00. The said cost was to be evidenced by a promissory note payable in monthly installments of $54.94 each, commencing on May 1, 1962. This contract was not recorded. On the same date a note, secured by deed of trust, for said amount, payable as stated, was executed by Wilson and his wife to National Shell Homes, Inc. The deed of trust covered the said lot on which the building was to be erected. This note and deed of trust were never assigned to anyone, and at the time of the filing of the suit were still in possession of the company's receiver. This excludes the necessity of considering whether said deed of trust could have been assigned to the detriment of the materialmen. The house was constructed and completed so that Wilson and his wife moved into it on or about May 1, 1962. On order of National Shell Homes, Inc., Willie Fortenberry furnished materials to the amount of $631.33, which materials went into the construction of said residence. Hattiesburg Hardware Stores, Inc., furnished materials to the amount of $475.88, which went into the construction of the house.

National Shell Homes, Inc., did not pay said material-men and sometime during 1962 went into a receivership and Stone D. Barefield was appointed as receiver.

On September 19, 1962, Willie Fortenberry filed his bill of complaint in the Chancery Court of Pearl River County, alleging that he had furnished said materials in the construction of said house and praying that a lien therefor be established superior to the deed of trust held by the defendant, National Shell Homes, Inc. On October 18, 1962, Hattiesburg Hardware Stores, Inc., filed an interpleader in said action and filed and presented its claim for materials furnished as aforesaid. A lis pendens notice was filed upon the records of Pearl River County on October 18, 1962, giving notice of the filing of said bill. Of course, the Wilsons were made parties to both the original bill and the interpleader. The complainants also prayed that the proceeds of the deed of trust executed by Wilson and his wife be impounded to satisfy the materialmen's liens, or that it be foreclosed and the proceeds of the foreclosure be first applied to pay the materialmen's liens, or that a special commissioner be appointed to sell the property and the first proceeds of sale be allocated to satisfy the materialmen's liens.

It was admitted that nothing had been paid on the note or the deed of trust since its execution.

As we understand the defense in this case, it was that the contractor, by taking the note and deed of trust, accepted same in payment of the contract; that same amounted to payment, eliminated any lien, and, therefore, nobody had any security except the contractor under his deed of trust. Of course, the receiver took no greater title than the company had.

Appellant places some reliance upon the case of Jones v. Alexander, 18 Miss. 627. This was a case between the materialmen and the owner and involved the question as to whether the suit had been filed within the

statutory period. We do not see where it is applicable here.

Appellant also cites the case of Ehlers, Administrator v. Elder, 51 Miss. 495. This case is not controlling and is not similar in facts. However, in the Ehlers case, our Court said: ". . . We do not ascribe to the acceptance of the note a payment and discharge of the original debt," and also, "But if the note was given to extend the credit beyond the time fixed by the original agreement, then as to third persons who might be injured thereby the lien would not be carried forward and extended to the maturity of the note."

In the instant case, this is in reality a contest between National Shell Homes, Inc., and the materialmen. There is no third party involved, unless it be the general creditors, who would not be injured. They could not say they had advanced money or credit on the strength of the construction of this particular house in Picayune expecting to be prior to the materialmen and laborers thereon. As a matter of fact, if it should be material, the deed of trust in question was not filed for record until four o'clock P. M., March 30, 1962. All of the materials except $9.15 worth were delivered prior to the recording of said deed of trust. The innocent parties herein would seem to be the materialmen.

The case of Chancellor v. Melvin, 211 Miss. 590, 52 So. 2d 360, was a case where the owner with the contractor had signed notes and borrowed money to pay the contractor. The evidence showed that the loan was made on the strength of the landowner's credit and was actually made to him, but the contractor received the money at the time of the making of the notes, and the notes were later paid by the owner. In that case, of course, the contractor was paid to the extent of the amount of said notes, and consequently that case is not applicable here.

Sec. 372, Miss. Code of 1942, provides: "When any contractor .... shall not pay any person who may have furnished materials used in the erection, construction, alteration, or repair of any house .... the amount due by him to any subcontractor . . . any such . . . subcontractor . . . may give notice in writing to the owner thereof of the amount due him and claim the benefit of this section; and, thereupon the amount that may be due upon the date of the service of such notice by such owner to the contractor. . . . shall be found in the hands of such owner for the payment in full, or if insufficient, then pro rata, of all sums due such person, . . . ."

This statute also provides that such person may file suit against the contractor making the owner a party thereto, and providing for intervention by other claimants. It also provides that the owner shall not be liable in any event for a greater amount than the amount contracted for with the contractor.

 █ In this case the materialmen had furnished the materials, the materials had been used in the construction of the building, the contractor had taken the note and deed of trust giving the contractor security for the cost of construction, the materialmen filed their suit within one year as provided by statute for a materialmen's lien, the receiver of the contractor held the note and deed of trust among its assets, the owners had not paid one dollar thereon and were still indebted to the contractor for the full amount. Under these circumstances we conceive it the right of the materialmen to bind the money due by the owner to the contractor and to have same subjected to the payment of their debts. By this no one is injured.

The case is reversed and remanded with instructions that the receiver or a commissioner appointed by the court proceed to collect the debt due by Wilson and that from the first proceeds the debts due to the materialmen

here involved be paid, and in event the Wilsons do not pay the debt in accordance with the note and deed of trust that same be ordered foreclosed and the proceeds of the sale applied first to the payment of the material-men here involved, pro rata if the funds are insufficient to pay in full.

Reversed and remanded.

*McGehee, C. J., and Kyle, Ethridge and McElroy, JJ.,* concur.