JONES SUPPLY COMPANY *v.* ISHEE, et al.

No. 43004          April 27, 1964          163 So. 2d 470

516

*Heidelberg, Sutherland & McKenzie,* Hattiesburg, for appellant.

*Kenneth E. Bullock, Gartin, Hester & Pickering, Cecil G. Johnson,* Laurel; *John D. Kervin,* Collins; *McFarland & McFarland,* Bay Springs, for appellees.

Patterson, J.

This suit was initiated in the Chancery Court of Jones County, Second District, by W. J. Ishee, d/b/a Taylorsville Lumber Company, to establish a materialman's

lien on the property of Claude Willhelm, and to establish such lien as prior and paramount to the liens of defendants, Laurel Federal Savings and Loan Association and the Jones Supply Company. Other materialmen intervened as parties complainant stipulating among themselves and with complainant that all of their claims would have equal priority. Laurel Federal Savings & Loan Association answered denying that any claims against the property were superior to its lien and deed of trust. Jones Supply Company and D. Gary Sutherland, trustee in deed of trust of Jones Supply Company, answered denying that any of the parties except Laurel Federal Savings & Loan Association had any liens whatsoever on the property and by cross-bill sought to cancel as a cloud upon its title to said lands the claims of the materialmen and to have Jones Supply Company adjudicated the owner of said property, subject only to the lien of Laurel Federal Savings & Loan Association. This appeal is prosecuted by Jones Supply Company from a decree establishing liens on the property in the following order of priority: (1) Laurel Federal Savings & Loan Association, (2) all materialmen, and (3) Jones Supply Company.

The primary issues assigned as errors by appellant are: (a) The lower court failed to find and conclude that the appellant was an encumbrancer for value without notice of the claims of the materialmen, and, therefore, it failed to adjudicate its claim as superior and paramount to the liens of the materialmen appellees; and (b) the lower court erroneously found and concluded that the deed of trust from the Willhelms' in favor of appellant was an assignment of a contract or the proceeds thereof to the detriment of the appellees in violation of Sec. 373, Miss. Code of 1942, Anno.

The evidence discloses Claude Willhelm, a building contractor, to have been the record owner in fee simple of certain real property in the second judicial district

of Jones County prior to this controversy. During the early part of 1961 he began the construction of a home upon this land for his own use. Willhelm was the overseer of such construction, making all arrangements for building supplies, materials and labor going into the project. The building was completed in May 1961.

Jones Supply Company, appellant, is a Mississippi corporation domiciled at Hattiesburg, Mississippi, engaged in the business of selling building materials and supplies. Willhelm, defendant below, was in the building contracting business and for several years prior to this proceeding had purchased materials and supplies from Jones Supply Company on an open account. This open account had exceeded $6,000 in 1959 without security therefor, however, on March 31, 1961, the indebtedness to appellant was in the sum of $5,299.01, and was in arrears. Mr. W. O. Clark, appellant's president, went to the home of Willhelm for the purpose of making some arrangements for the payment of the indebtedness. On April 13, 1961, as a result of this meeting, Willhelm executed and delivered to Clark his personal check for $1,229.01, and his promissory note for $,4000, due ninety days after date, payable to Jones Supply Company. Willhelm's account was credited accordingly.

This note was not paid at maturity, and again Clark contacted Willhelm and made demand for payment. Willhelm was unable to meet this demand at the time, but expected to be in position to do so in the near future. It was ultimately agreed that a renewal note, payable sixty days after date, would be executed by Willhelm and his wife to appellant, such note to be secured by a second deed of trust upon Willhelm's home property. In turn appellant agreed to give Willhelm a sixty-day extension of time in which to make payment. this note and deed of trust was executed by Willhelm and wife on July 12, 1961, and was recorded on August 3, 1961, being subsequent to the lien and deed of trust

of Willhelm and wife on June 27, 1961, to Laurel Federal Savings & Loan Association. This indebtedness was for the principal financing of such home, the loan being made only after Willhelm had executed an affidavit to the Association that there were no outstanding materialmen's or mechanics' liens on the property.

The renewal note being in default, appellant instructed D. Gary Sutherland, trustee, to foreclose the same. This foreclosure was completed on November 6, 1961, by public sale of the security. Appellant became the purchaser thereof subject to the deed of trust of Laurel Federal Savings & Loan Association. On this same date, November 6, 1961, W. J. Ishee instituted his suit to establish a materialman's lien against the property and gave lis pendens notice thereof. This was the first action taken by any of the materialmen which would have given constructive notice of the materialmen's claims.

The testimony reveals that at the time Mr. Clark accepted the first promissory note and the second promissory note and deed of trust which was dated July 12, 1961, he had knowledge of a newly constructed dwelling house on the property of the defendant Willhelm, and that one year had not expired from the time the construction of this house had been started. Mr. Clark admittedly made no investigation or required no affidavit of Willhelm in regard to materialmen's liens. He further had knowledge that Willhelm was delinquent in his account to Jones Supply Company. The record is not clear whether the supplies furnished by Jones Supply Company went in their entirety into this home of Willhelm.

■■ We are of the opinion, and so hold, that the lower court erred in not finding the appellant to be a subsequent encumbrancer for value without notice. ■■ Mechanics' and materialmen's liens are not recognized at common law nor in equity. They are creatures of and dependent upon statute. 36 Am. Jur., Mechanics'

Liens, Sec. 19. Pincus v. Collins, 198 Miss. 283, 22 So. 2d 361. ■■ ■ Statutory prerequisites, therefore, must be strictly complied with for the lienor to gain the benefits offered by statute. This principle is announced in 36 Am. Jur., Mechanics' Liens, Sec. 124, p. 90, as follows:

"Inasmuch as mechanics' liens are purely statutory, they must show upon their face a compliance with all the statutory requisites to their validity. They are inchoate until completed or perfected by compliance with the statute, and are lost utterly if those acts required for their completion are not done in the manner and within the time required by statute. In many cases, it is said that a strict compliance with the statute must be shown. This doubtless means that all the statutory steps must be taken, and that the notice or statement of the lien shall contain all the averments required by the statute."

Sec. 356, Miss. Code 1942, Anno., (amended since suit was filed) establishes the lien of laborers and materialmen within this State and makes provision for subsequent encumbrances and notice as follows:

"Every house, building or structure of any kind, . . . . constructed, altered, or repaired, shall be liable for the debt contracted and owing, for labor done or materials furnished, . . . . ; and such debt shall be a lien thereon from the time of making the contract. . . . . Such lien shall take effect as to purchasers or encumbrances for a valuable consideration without notice thereof, only from the time of commencing suit to enforce the lien, or from the time of filing the contract under which the lien arose, in the office of the clerk of the chancery court; delivery of material to the job is prima facie evidence of its use therein."

The materialmen do not contend that notice was given under the foregoing statute prior to November 6, 1961, when suit was filed and lis pendens notice given, this being the very day appellant's deed of trust was fore-

closed. Neither was notice given under Sec. 380, Miss. Code 1942, Anno., which provides for filing evidence of a laborer's or materialmen's claim upon the lis pendens record. The materialmen assert that their suit was brought within twelve months next after the time when the money due and claimed by the suit became due and payable in accord with Sec. 360, Miss. Code 1942, Anno., and that appellant's claim arose out of an indebtedness existing prior to the emergence of their liens in March, April and May 1961. They also assert appellant's note and deed of trust dated July 12, 1961, was without consideration and was taken by appellant with actual notice of the claims of appellees.

██ █ The record reflects without contradiction that W. O. Clark, president of appellant company, granted Willhelm forbearance, an extension of time in which to make payment of the indebtedness then due on a ninety-day note upon Willhelm's promise to pay at a later date. Such promise was evidenced by a new note secured by a second deed of trust of Willhelm and wife which was taken contemporaneously therewith. Forbearance to sue as sufficient consideration to support a promissory note has been upheld by this Court in Moore Dry Goods Co. v. Ainsworth, 110 Miss. 705, 70 So. 885, and Bleuler v. Indian Company, 237 Miss. 574, 115 So. 2d 537. See also Schumpert v. Dillard, Pinson & Co., 55 Miss. 348, which states, among other things, in discussing consideration as to a pre-existing debt: "If the creditor abandons a present right of action, and accepts a new obligation payable in futuro, is the 'cession of an existing right', and an extension of time, and is an adequate consideration for the security; . . . ."

██ █ In view of the heretofore stated facts and these authorities, we hold that there was consideration for the note and deed of trust of July 12, 1961.

There admittedly being no record notice of appellees' liens prior to the foreclosure sale on November 6, 1961,

appellees next contend the appellant had actual notice of such liens since the president of Jones Supply Company was aware of the newness of the house so recently constructed and occupied by Willhelm, his debtor; this being particularly so as he knew Willhelm was in arrears in his payments on his account to Jones Supply Company. The theory of imputing notice by newness of construction was rejected by this Court in the case of Walker v. Macon Creamery Company, 165 Miss. 121, 146 So. 442, wherein one Walker made a loan from the Bank of Macon for the construction of a building. After construction began he realized his loan was insufficient to complete the building and without notifying the bank made arrangements with Macon Creamery Company to supply additional building materials. Judgment was entered for the Creamery Company which in effect rendered its claim for materialmen's lien superior to the bank's deed of trust. In reversing the lower court and entering judgment for the bank, the Court said:

"There is no showing that any contract was recorded in favor of the Macon Creamery Company, nor is there any testimony that the Bank of Macon had notice that said creamery company furnished, or was under contract to furnish, material or labor for the erection of the residence. The only evidence upon this question is that the cashier of the Bank of Macon who made the loan knew that the building was being erected at the time the loan was obtained, but he testified that he had no knowledge that the creamery company, the appellee, had any claim, or that it was furnishing material for the erection of the residence. . .

"The court below seems to have proceeded upon the idea that notice that the building was in course of construction was sufficient notice to advise the bank of the rights of the creamery company, plaintiff in the court below, appellee here. We think the court was in error in this view. It was distinctly understood by the

Bank of Macon to pay off amounts due for labor and material. It was incumbent upon the creamery company either to file its contract for record, or to institute proceedings to enforce its lien, or to give notice in some manner to the person affected of its rights in that regard. . . . .

"In our view, the proof was insufficient to show any notice to the bank of any material furnished, prior to the taking of the deed of trust. Under the terms of the statute, the bank would not be affected unless it had such notice. . . . . . ."

Though Clark, as president of appellant company, knew of Willhelm's financial status with his own company, we are unwilling to hold that this would by inference impute to him knowledge of existing indebtednesses to others, particularly in view of his positive and uncontradicted testimony to this effect:

"Q.  At the time you took the note and deed of trust, or either of the notes and deeds of trust from Mr. Willhelm, did you have notice of any claims of materialmen, of Laurel Concrete Products, Inc. or Alexander Hardware Company, Taylorsville Lumber Company, W. J. Ishee, I. T. Williams or anyone else?

"A.  None whatsoever.

"Q.  Mr. Clark, did you purchase this property in good faith at the time of the foreclosure?

"A.  Yes, sir."

We hold, therefore, that the appellant had no notice, either constructive or actual, of the materialmen's lien, and that the appellant was a subsequent encumbrancer for value without notice.

The appellant next contends the lower court erred in its finding and conclusion that Willhelm was a contractor within the meaning of Sec. 373, Miss. Code 1942, Anno., and that he violated the terms of said section by his execution of the note and deed of trust to the

appellant to the detriment of the laborers and material-men. This Section is as follows:

"No contractor or master workman except as herein-after provided, shall have the right to assign, transfer, or otherwise dispose of in any way, the contract or the proceeds thereof, to the detriment or prejudice of the subcontractors, journeymen, laborers, and materialmen as declared hereinbefore and all such assignments, trans-fers, or dispositions shall be subordinate to the said rights of the subcontractors, journeymen, laborers and materialmen, as well as the owner. Provided, however, that this section shall not apply to any contract or agreement where the contractor or the master workman shall enter into a solvent bond conditioned as provided for in the following section."

The chancellor found in regard thereto as follows: "The Court finds that Claude Willhelm was engaged in general construction work and in contracting to construct dwellings as a contractor and that he was acting in the capacity of contractor in the construction of the dwell-ing for his own use on the subject land of which he was the record owner of title; that he entered into con-tracts for labor and material and as such, he was re-sponsible for compensating the materialmen and me-chanics for material and labor provided and used at his request and for his use and benefit in connection with the job on which he was engaged as overseer and con-tractor or general supervisor. As such contractor, it was incumbent upon Claude Willhelm not to transfer or assign the proceeds of the contract or the fruits or assets of such contract to the detriment of the material-men or laborers who had furnished material and labor to the job unless said contractor had first entered into bond for the performance of said contract as provided by Section 374 of the Mississippi Code of 1942, re-compiled. The Court finds that no evidence was offered

to show that such a bond was entered into by Claude Willhelm.''

██ ██ A careful consideration of the record discloses no evidence that Willhelm was acting in the capacity of a contractor in the construction of this dwelling for his own use upon his own land. There being no contract between Willhelm and any other person or entity, it follows that there was no contract, nor proceeds thereof, which could have been assigned in derogation of Sec. 373, Miss. Code 1942, Anno., to the detriment or prejudice of the laborers or materialmen. We hold that the learned chancellor below erred in this regard.

██ ██ The lien statutes of Mississippi afford an abundance of protection for mechanics and materialmen. But in all cases such persons must take action as a condition precedent to receiving the benefits thereof, and upon their failure so to do their remedies are those of common creditors. The appellees here took no action over a period of several months in which to protect themselves, and by their failure so to do, lost the benefits accorded by statute to them.

It is our opinion, and we so hold, that the lien of Laurel Federal Savings & Loan Association is first in priority, and that the liens of the appellees should be cancelled as a cloud upon the title of the appellant, Jones Supply Company.

Affirmed in part and reversed and rendered in part in accordance with this opinion.

*Lee, C. J., and Ethridge, Gillespie and Brady, JJ.,* concur.