ETHRIDGE, Chief Justice
(specially concurring).
I reluctantly concur in the affirmance of this case. The evidence reflects that Housecraft, a partnership, was engaged in a sales racket, merchandising aluminum siding for homes; and that Housecraft was guilty of fraud in the procurement of the contract from the Austins.
However, the chancery court was justified in finding that Atlas Subsidiaries of Mississippi, Inc., was a holder in due course. Atlas had no actual knowledge of the fraud. Hence under section 100, Mississippi Code 1942 Annotated (1956), the issue is whether Atlas had “knowledge of such facts that (its) action in taking the instrument amounted to bad faith.” The chancery court found that it did not.
Nevertheless, there are suspicious circumstances indicating, but not proving, that Atlas either had or should have had knowledge of Housecraft’s methods of operation which would suffice to constitute bad faith. The promissory note executed by the Austins to Housecraft was sold by the latter to Atlas at a thirty-seven percent discount, but the degree of significance of this is minimized by a five-year amortization period. Housecraft endorsed the note to Atlas without recourse. Over a period of eighteen months, Atlas purchased 500 notes from Housecraft. During this time it must have been financing a very large part of Housecraft’s operations. Atlas also checked on the consumer’s credit rating. It did not verify Housecraft’s reliability. These facts, although significant, do not reflect sufficient knowledge of facts by Atlas which would make its action in buying the note one of bad faith. At the most, it would only make an issue of fact for the trial court, which concluded adversely to the Austins.
The evidence here does not involve the incriminating degree of circumstances which has justified other courts in finding bad faith by the purchaser of a consumer credit note. Financial Credit Corp. v. Williams, 246 Md. 575, 229 A.2d 712 (1967); Norman v. World Wide Distributors, Inc., 202 Pa.Super. 53, 195 A.2d 115 (1963); Davis v. Commercial Credit Corp., 87 Ohio App. 311, 94 N.E.2d 710 (1950); cf. Jones Supply Co. v. Ishee, 249 Miss. 515, 163 So. 2d 470 (1964). More adequate and comprehensive discovery procedures could have developed in detail all relationships between Atlas and Housecraft.