184 So.2d 857 (1966)
WORTMAN & MANN, INC.
v.
FRIERSON BUILDING SUPPLY COMPANY, King Floor Surfacing Company, Inc., and Capitol Insulation Company, Inc.
No. 43887.
Supreme Court of Mississippi.
April 4, 1966.
Neal, Houston & Elliott, Wm. F. Goodman, Jr., Watkins & Eager, Jackson, for appellant.
B.B. McClendon, Jr., Pat H. Scanlon, Young & Young, W.F. Selph, Jr., Binder & Bush, Jackson, for appellee.
RODGERS, Justice:
This is an appeal from a judgment of the Circuit Court of Hinds County, Mississippi, in a case in which the appellees filed a petition to enforce a statutory lien for materials furnished Alton W. Ivy, a building contractor. Appellees sought to establish a lien in their favor, as materialmen, superior and prior to the lien of Wortman & Mann, Inc., who held title to certain lots obtained by foreclosure of two construction loan trust deeds.
The record on appeal reveals the following facts. During 1964, Alton W. Ivy, hereafter designated as "Contractor", was engaged as a building contractor in the business of constructing homes. He submitted plans and specifications to the Federal Housing Administration for two proposed residences, and after having obtained an appraisal and evaluation, Wortman & Mann, Inc. agreed to advance funds to the contractor to purchase two lots for construction purposes.
On February 10, 1964, appellant, Wortman & Mann, Inc., hereafter called "Loan Company", lent the contractor $2,300 with which to purchase a lot designated as number "73", from Jackson Land & Development Syndicate. The contractor executed a promissory note and a deed of trust in favor *858 of the Loan Company on lot No. 73. At the same time, the Contractor purchased lot No. 49 and the Loan Company lent him $2,000, with which to purchase this lot. The Loan Company also took a note and deed of trust on lot No. 49 to secure this loan.
On March 6, 1964, the Contractor executed two new deeds of trust to secure two construction loans on lots Nos. 49 and 73. On March 3, 1964, the Loan Company advanced $6,900 to the Contractor but subtracted the sum of $2,332.68 from this advancement to pay the note for the purchase price of lot No. 73. On March 13, 1964, the Loan Company advanced $5,850 to the Contractor upon another trust deed on lot No. 49, but deducted $2,010.67 to pay the purchase price due the Loan Company for lot No. 49. Thereafter, at regular intervals from March 6, 1964, through May 19, 1964, the Loan Company advanced a total of $11,800 to the Contractor on the residence being constructed on lot No. 73. The Loan Company also advanced funds to the Contractor at intervals on lot No. 49 between March 3, 1964, and May 1, 1964, in the total sum of $9,750. Thus, the Loan Company advanced to the Contractor on both buildings under the two trust deeds on lots 49 and 73 the total sum of $21,550.
The testimony shows that of the total sum advanced by the Loan Company, only $12,011.69 was actually used as payment for labor and materials that went into the construction of the two residences on lots Nos. 49 and 73. This sum does not include the purchase price of the two lots in the sum of $4,300.
The Contractor failed to pay the notes when they became due, and on February 2, 1965, the deed of trust secured by lot No. 49 was foreclosed. The Loan Company, Wortman & Mann, Inc., was the successful purchaser at $8,411.84. The deed of trust on lot No. 73 was foreclosed on February 3, 1965, and again the Loan Company purchased this property for $10,177.85.
Thereafter, on February 19, 1965, appellee Frierson Building Supply Company filed its petition for a judgment against Alton W. Ivy, the Contractor, and to enforce a materialman's lien against the property purchased by the Loan Company, Wortman & Mann, Inc., for material and supplies furnished to the Contractor and used in the construction of the residences on lots Nos. 49 and 73.
On June 18, 1964, Frierson Building Supply Company filed notice of a materialman's lien and in December 1964, lis pendens notice was filed in the Chancery Clerk's Office in Hinds County, Mississippi. On March 15, 1965 Capital Insulation Company, Inc. filed a petition to intervene in the suit, and on May, 1965, King Floor Surfacing Company, Inc. filed its petition to intervene in the action. The record does not reveal, however, that the appellees, materialmen, did anything to establish a lien upon the construction in which their materials were being used until after the appellant, Loan Company, had furnished the Contractor funds, under the terms of the two recorded trust deeds.
Appellees contend in their petition that their respective claims are superior to that of the Loan Company because "Wortman & Mann, Inc. failed to use reasonable diligence and care to insure that the proceeds of the said loan were used in payment of labor and materials used in the construction of said property. The proceeds of said loan were not actually used in payment for the construction and improvement on said property."
The circuit judge, before whom the case was tried, entered a judgment against Alton W. Ivy in favor of the appellees for the respective sums claimed by each materialman, subject however to the prior and superior lien of appellant, Wortman & Mann, Inc., for the sum of $12,011.69, the money actually paid for labor and materials used in the construction of the residences here involved. The court ordered the property sold to pay the judgments rendered.
Wortman & Mann, Inc. has appealed and insists that it is entitled to retain the title *859 to the property here involved, and that the judgment appealed from should be reversed insofar as it affects the appellant, because its lien was paramount and superior to the inchoate lien of the appellees for the entire amount of its two loans on lots Nos. 49 and 73; that appellees did not perfect their claim to a materialmen's lien; that appellant had no notice of appellees' claims until March 11, 1965; and that in any case it did all that was legally required of it to determine whether or not there were claims due for material and labor each time it advanced a loan to the Contractor.
The records show that the appellant Loan Company offered testimony that the loan advancements were made by title insurance attorneys and that they obtained a statement in the form of an affidavit from the Contractor each time a loan was advanced to him to the effect that no indebtedness was due by him for materials and labor at the time the payments were made. These attorneys also examined the records of construction liens in the chancery clerk's office before delivering to the Contractor the funds advanced by appellant, Wortman & Mann, Inc.
After a careful examination of the record in this case, and a review of the decisions of this Court, we have reached the conclusion that the appellees do not have enforceable liens upon the property here involved, and that the court was in error in requiring the property to be sold to satisfy the judgment debt due to the materialmen from Contractor Alton W. Ivy.
Mississippi Code Annotated section 356 (Supp. 1964) was amended by the Legislature and became effective April 23, 1964, the pertinent parts of which are as follows:
"(a) Every house, building * * * or structure of any kind * * * constructed, altered, or repaired * * * shall be liable for the debt contracted and owing, for labor done or materials furnished * * * and debt for such services or construction shall be a lien thereon. * * * Such lien shall take effect as to purchasers or encumbrancers for a valuable consideration without notice thereof, only from the time of commencing suit to enforce the lien, or from the time of filing the contract under which the lien arose, or notice thereof, in the office of the clerk of the chancery court, as hereinafter stated * * *.
"(b) Each of the several chancery clerks of this State shall provide in his office, as a part of the land records of his county, a book entitled `Notice of Construction Liens' wherein notices under this act shall be filed and recorded, and such liens, as provided hereunder, shall not take effect unless and until some notation thereof shall be filed and recorded in said book showing a description of the property involved, the name of the lienor or lienors, the date of filing, if and where suit is filed, and if and where contract is filed or recorded."
The courts have generally recognized and held that materialmen's lien are creatures of, and dependent upon, the statute. This principle is stated in 36 Am.Jur. Mechanics' Liens section 124 (1941) in the following language:
"Inasmuch as mechanics' liens are purely statutory, they must show upon their face a compliance with all the statutory requisites to their validity. They are inchoate until completed or perfected by compliance with the statute, and are lost utterly if those acts required for their completion are not done in the manner and within the time required by statute. In many cases, it is said that a strict compliance with the statute must be shown. This doubtless means that all the statutory steps must be taken, and that the notice or statement of the lien shall contain all the averments required by the statute."
*860 In the case of Jones Supply Company v. Ishee, 249 Miss. 515, 163 So.2d 470 (1964), this Court pointed out that:
"Mechanics' and materialmen's liens are not recognized at common law nor in equity. They are creatures of and dependent upon statute. 36 Am.Jur., Mechanics' Liens, Sec. 19. Pincus v. Collins, 198 Miss. 283, 22 So.2d 361. Statutory prerequisites, therefore, must be strictly complied with for the lienor to gain the benefits offered by statute. This principle is announced in 36 Am.Jur., Mechanics' Liens, Sec. 124, p. 90, as follows:". 249 Miss. at 521-22, 163 So.2d at 472.
We quoted the above-cited section, and said that:
"The lien statutes of Mississippi afford an abundance of protection for mechanics and materialmen. But in all cases such persons must take action as a condition precedent to receiving the benefits thereof, and upon their failure so to do their remedies are those of common creditors. The appellees here took no action over a period of several months in which to protect themselves, and by their failure so to do, lost the benefits accorded by statute to them." 249 Miss. at 527, 163 So.2d at 475.
We are of the opinion that the Ishee case is authority for, and applicable to, the facts in the present case, because the materialmen made no effort to give notice to the Loan Company although its trust deeds were of record in the office of the chancery clerk and gave warning notice to the materialmen. On the other hand, the appellees argue that it is a well-established rule in Mississippi that "the lien, however, should not be extended any further than its equities require, and therefore should not be given priority, except as to the extent that the money secured thereby was actually used in paying for the construction of the building." Appellees cite Southern Life Ins. Co. v. Pollard Appliance Co., 247 Miss. 211, 150 So.2d 416 (1963); First Nat'l Bank of Greenville v. Virden, 208 Miss. 679, 45 So.2d 268 (1950); and Weiss, Dreyfous & Seiforth, Inc. v. Natchez Inv. Co., 166 Miss. 253, 140 So. 736 (1932). The foregoing rule was quoted from the First National Bank of Greenville v. Virden, supra. In that case the Court said:
"The Bank knew that the houses were being constructed, but it did nothing to see that such construction was being paid for. It merely turned the money over to Hilliard, when and as he asked for it, with the result that only $7,315.76 of its money actually went into the project, and those furnishing the materials were left to hold the bag to the tune of $4,307.18."
The Court then said:
"It is simple justice that such mortgagee shall have preference only to the extent that its funds actually went into the construction." 208 Miss. at 685, 45 So.2d at 270.
We are of the opinion that the true rule is expressed by this Court in the case of Southern Life Insurance Company v. Pollard Appliance Company, supra, wherein we said:
"A lender advancing construction funds must use reasonable diligence to see that these funds are actually used in payment for materials or other cost of construction. Such a construction mortgagee has preference over materialmen and laborers only to the extent that its funds actually go into the construction." (Emphasis supplied.) 247 Miss. at 221, 150 So.2d at 420.
This "simple justice" rule is obviously a rule to prevent fraud, and in order to avoid the rigor of this rule, it is only necessary for the mortgagee to show reasonable diligence to see that the funds are used in the construction of the building.
Under the facts in the present case, we are of the opinion that the appellant Loan Company used reasonable diligence to see *861 that the funds they advanced were actually used in payment for materials or other costs of construction. The attorneys representing the title insurance company required the Contractor to give them a statement in the form of an affidavit that he did not owe for materials and labor at the time they delivered to him the money lent under the terms of the deed of trust. Moreover, the attorneys made regular trips to the office of the chancery clerk to observe and check the records in an effort to determine whether or not materialmen or laborers had perfected their claim as materialmen under the terms of Mississippi Code Annotated section 356 (Supp. 1964), as amended. The materialmen failed to give any notice to the encumbrancer Wortman & Mann, Inc., and failed to file their notice of lien in the "Notice of Construction Liens" in the office of the chancery clerk, and failed to give notice or to record their claim in the lis pendens record, or to file suit prior to the time when the Loan Company had advanced funds under its trust deed liens. They therefore failed to establish their lien as materialmen under section 356, supra, and consequently the appellants were prior lienholders for a valuable consideration without notice.
The judgment of the trial court in the instant case will therefore be affirmed insofar as it granted judgment in favor of the materialmen-appellees as against the Contractor Alton W. Ivy, but the judgment will be reversed insofar as it directs the sale of lots Nos. 49 and 73 for the purpose of paying the judgments of the materialmen. Judgment will be rendered here in favor of the appellant and the petition against the appellant, Wortman & Mann, Inc. will be dismissed.
Affirmed as to judgments in favor of materialmen against Contractor Alton W. Ivy, but reversed and rendered in favor of Wortman & Mann, Inc. Affirmed in part and reversed in part.
GILLESPIE, P.J., and JONES, SMITH and ROBERTSON, JJ., concur.