392 So.2d 208 (1980)
DEPOSIT GUARANTY NATIONAL BANK
v.
E.Q. SMITH PLUMBING & HEATING, INC. et al.
No. 52198.
Supreme Court of Mississippi.
November 26, 1980.
Rehearing Denied January 21, 1981.
Robert C. Cannada, Stephen W. Rosenblatt, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellant.
*209 William J. Johnson, Jerry L. Mills, Johnson & Mills, Clinton, for appellees.
Before SMITH, SUGG and LEE, JJ.
SMITH, Presiding Justice, for the Court:
Deposit Guaranty National Bank has appealed from a judgment of the Circuit Court of Hinds County of the First Judicial District, (which affirmed the judgment of the county court) in which the lien of certain materialmen was declared to be paramount to the lien of the deed of trust held by appellant bank securing construction funds advanced by it to finance the project in which the subject material had been used.
The Circuit Court Judge rendered a clear, detailed and comprehensive opinion in which all of the material facts are set forth. This opinion is quoted in full in the brief filed on behalf of appellees, followed by this statement: "The opinion of the Court sets out the essential facts in this matter. The facts are undisputed."
The opinion, with the court's conclusions, is as follows:

1.
Prior to November 17, 1978, Deposit Guaranty National Bank ("the Bank") agreed with Gannon Construction Company ("Gannon") to provide financing to Gannon in connection with the purchase of Lot 196, Brookhollow Place, Part 5, a subdivision in the First Judicial District of Hinds County, Mississippi and the construction of a dwelling thereon ("Lot 196"), provided the Bank would have as security therefor a first Deed of Trust on said lot and the improvements to be constructed thereon.

2.
Accordingly, on November 17, 1978, Gannon executed a Promissory Note to the Bank in the amount of $45,600.00, which was eighty percent (80%) of the estimated completed value of the house and lot, based on the plans and specifications. Gannon also executed a Deed of Trust in favor of the Bank on Lot 196 and all buildings and improvements to be erected thereon to secure said Note. This Deed of Trust was duly filed in the office of the Chancery Clerk of the First Judicial District of Hinds County, Jackson, Mississippi.

3.
Beginning on November 17, 1978, the Bank made periodic advances to Gannon under the aforesaid Promissory Note and Deed of Trust as hereinafter described. All construction loan advances were not disbursed directly by the Bank, but were disbursed by the law firm ("the disbursing agent") for Mississippi Valley Title Insurance Company ("the Title Company") which had issued its title policy to the Bank on this construction loan. The Bank's initial advance was by a cashier's check payable jointly to Gannon and the Title Company, and all subsequent advances were made by direct deposit by the Bank to the disbursing agent's checking account.

4.
On the initial advance and on each subsequent deposit to the disbursing agent's checking account with the Bank, the Bank duly noted that the advance was for Lot 196. The disbursing agent disbursed the entire amount of $42,732.00 advanced by the Bank on this loan for the purchase of Lot 196 and the construction of the building and improvements thereon. No disbursements from the funds deposited to this account were made for any projects other than Lot 196.

5.
Before each disbursement, the disbursing agent would have a bring-to-date title search performed on Lot 196 to verify that title to Lot 196 was clear and that no notices of construction liens or any other liens were of record at the time of the disbursement.

6.
Before each disbursement, Gannon also executed and delivered to the disbursing agent a sworn affidavit to the effect that no indebtedness was due for any materials or labor for the construction of any improvements to or on Lot 196 at the time of each disbursement. After being furnished *210 such affidavit, the disbursing agent disbursed the funds and the Title Company issued an endorsement to its policy increasing the amount thereof to include the total amount of all disbursements.

7.
No disbursements were made by the disbursing agent directly to any laborers or materialmen of Gannon on Lot 196.

8.
The Bank, as construction lender, acting through the disbursing agent as aforesaid, used reasonable diligence in making advances to Gannon and therefore had a first lien on said property in the amount of $42,732.00 plus accrued interest.

9.
The Court finds that E.Q. Smith Plumbing & Heating, Inc., furnished labor and materials to Gannon for improvements to or on Lot 196 in the amount of $1,200.00; that Southwestern Materials Company furnished materials to Gannon for improvements to or on Lot 196 in the amount of $1,035.83; that Guy Green Lighting and Building Supply, Inc. furnished materials to Gannon for improvements to or on Lot 196 in the amount of $2,180.20; and that W.E. Alexander furnished labor and materials to Gannon for improvements to or on Lot 196 in the amount of $720.20.

10.
Gannon failed to pay the materialmen the amount it was indebted to them as stated in the preceding paragraph, and thereafter each of the materialmen duly filed its notice of construction liens for the amounts set forth in the preceding paragraph in the office of the Chancery Clerk of the First Judicial District of Hinds County, Jackson, Mississippi.

11.
All of the foregoing notice of construction liens were filed after the last advance made by the Bank and after the last disbursement to Gannon by the disbursing agent.

12.
When Gannon defaulted on the above-described Promissory Note, the Bank instituted foreclosure proceedings on Lot 196 under its Deed of Trust. The foreclosure sale was duly held and conducted on July 3, 1979, and Lot 196 was sold at the foreclosure sale for $38,000.00.

13.
The day before the foreclosure sale, on July 2, 1979, the plaintiff, E.Q. Smith Plumbing & Heating, Inc., filed its Declaration and Petition to Enforce Lien in this Court, and filed its lis pendens notice in the office of the Chancery Clerk of the First Judicial District of Hinds County, Mississippi. No other materialmen filed suit or joined in the foregoing suit as third party plaintiffs prior to the foreclosure sale.

14.
The Court finds that this case is controlled by the recent decision of the Mississippi Supreme Court in Guaranty Mortgage Company of Nashville v. Seitz, 367 So.2d 438 (Miss. 1979). Applying the principles of that case, the Court finds that all materialmen who filed suit or joined in as third party plaintiffs before the foreclosure proceeding are entitled to a valid and enforceable lien against the subject property, notwithstanding the duly held foreclosure sale. Therefore, when the Bank became the purchaser at the Trustee's sale, it took title subject to the lien of E.Q. Smith Plumbing & Heating, Inc. All other materialmen's liens on Lot 196, however, are subject to being extinguished by a foreclosure of the Deed of Trust and, by virtue of the valid foreclosure sale, consequently were extinguished insofar as being liens on Lot 196 and were transferred to the proceeds of the sale, if any, in excess of the amount of the indebtedness of Gannon to the Bank. Because the $38,000.00 realized from the foreclosure sale was less than the indebtedness to the Bak [sic] of $42,732.00, there was no surplus to which any of the aforesaid materialmen's liens could attach. Consequently, such materialmen's liens were extinguished by the foreclosure sale, and should be cancelled of record.
*211 IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff, E.Q. Smith Plumbing and Heating, Inc., is entitled to judgment against Gannon Construction Company in the amount of $1,200.00 and that the plaintiff, E.Q. Smith Plumbing & Heating, Inc., has a valid and enforceable lien for such amount against Lot 196, Brookhollow Place, Part 5, Hinds County, Mississippi, which lien was not extinguished by the foreclosure sale. Accordingly, unless the aforesaid $1,200.00 is paid to the plaintiff within 30 days from the date of this Final Judgment, a judicial sale of Lot 196 will be held in accordance with the requirements of the statutes and that the proceeds from such sale be used to satisfy the lien of Bank in the sum of $42,732.00 plus accrued interest as provided in the note from Gannon Construction Company from the date of disbursement to date of sale and expenses incurred, then in satisfaction of the lien of E.Q. Smith Plumbing and Heating Co., Inc. in the sum of $1,200.00 plus interest from July 2, 1979, and any balance remaining to Gannon Construction Company.
IT IS FURTHER ORDERED AND ADJUDGED that judgment be entered against Gannon Construction Company as follows: in favor of Southwestern Materials Company in the amount of $1,035.83; in favor of Guy Green Lighting and Building Supply, Inc. in the amount of $2,180.20; and in favor of W.E. Alexander in the amount of $720.20.
IT IS FURTHER ORDERED AND ADJUDGED that the construction liens of all materialmen and laborers other than E.Q. Smith Plumbing & Heating, Inc. were subject to being extinguished by a foreclosure of the Bank's Deed of Trust, and because no surplus of funds resulted from the Trustee's sale, such construction liens filed against the subject property be, and the same hereby are, cancelled of record and held for naught.
A great many cases decided by this Court are cited by counsel for the respective parties, but we believe that the decisions in Wortman & Mann, Inc. v. Frierson Building Supply Co., 184 So.2d 857 (Miss. 1966) and Guaranty Mortgage Co. of Nashville v. Seitz, 367 So.2d 438 (Miss. 1979), (and particularly in the latter) contain a sufficient collation of the relevant authorities to make it unnecessary to bring them all forward again in this opinion.
In Wortman & Mann, this Court said:
We are of the opinion that the true rule is expressed by this Court in the case of Southern Life Insurance Company v. Pollard Appliance Company, supra, wherein we said:
"A lender advancing construction funds must use reasonable diligence to see that these funds are actually used in payment for materials or other cost of construction. Such a construction mortgagee has preference over materialmen and laborers only to the extent that its funds actually go into the construction." (Emphasis supplied.) 247 Miss. [211] at 221, 150 So.2d [416] at 420.
And the Court said further:
Under the facts in the present case, we are of the opinion that the appellant Loan Company used reasonable diligence to see that the funds they advanced were actually used in payment for materials or other costs of construction. The attorneys representing the title insurance company required the Contractor to give them a statement in the form of an affidavit that he did not owe for materials and labor at the time they delivered to him the money lent under the terms of the deed of trust. Moreover, the attorneys made regular trips to the office of the chancery clerk to observe and check the records in an effort to determine whether or not materialmen or laborers had perfected their claim as materialmen under the terms of Mississippi Code Annotated section 356 (Supp. 1964), as amended. The materialmen failed to give any notice to the encumbrancer Wortman & Mann, Inc., and failed to file their notice of lien in the "Notice of Construction Liens" in the office of the chancery clerk, and failed to give notice or to record their claim in the lis pendens record, or to file suit prior to the time *212 when the Loan Company had advanced funds under its trust deed liens. They therefore failed to establish their lien as materialmen under section 356, supra, and consequently the appellants [the construction lenders] were prior lienholders for a valuable consideration without notice. (Emphasis added).
It is now argued that this Court in Guaranty Mortgage, supra, changed the rule enunciated in Wortman & Mann. In Guaranty Mortgage this Court said:
Our cases construing the rights of laborers or materialmen under the above statute and the rights of a lender advancing funds for a construction loan may be summarized as follows: The lien of a deed of trust securing a construction loan has priority over mechanics' and materialmen's liens only to the extent that; (a) the funds disbursed actually went into the construction, or (b) to the extent that the construction lender used reasonable diligence in disbursing the construction loan. See Weiss, Dreyfous Seiferth, Inc. v. Natchez Inv. Co., Inc., 166 Miss. 253, 140 So. 736 (1932), 80 A.L.R.2d 179, 247 (1961); First National Bank of Greenville v. Virden, 208 Miss. 679, 45 So.2d 268 (1950), 80 A.L.R.2d 248 (1961); Deposit Guaranty Bank & Trust Co. v. J.F. Weaver Lbr. Co., 215 Miss. 183, 60 So.2d 598 (1952); Southern Life Insurance Co. v. Pollard Appliance Co., 247 Miss. 211, 150 So.2d 416 (1963); Wortman and Mann, Inc. v. Frierson Bldg. & Supply Co., 184 So.2d 857 (Miss. 1966); North American Mortgage Investors v. Miss. Hardware Co., Inc., 360 So.2d 1203 (Miss. 1978). [367 So.2d at 441]. [Emphasis added].
There is no dispute in the case now before the Court that the construction lender, Deposit Guaranty National Bank, "used reasonable diligence in disbursing the construction loan" and also, that the funds disbursed actually went into the construction.
In Guaranty Mortgage this Court said of the lender in that case:
Our holding may be summarized as follows: Guaranty Mortgage did not use reasonable diligence in disbursing the construction loan to Watkins Investments for the construction of the Starkville Shopping Center and was entitled to a lien superior to the materialmen only in the amount that went into the construction of the project. (Emphasis added) (367 So.2d at 444).
The present record makes it clear that the measures followed by Deposit Guaranty National Bank were patterned upon those set forth in Wortman & Mann, and also fully compiled with the requirements of the rule stated in Guaranty Mortgage.
We see no inconsistency between the rule applied by this Court in Guaranty Mortgage and that enunciated in Wortman & Mann. There is no dispute in the present case that Deposit Guaranty National Bank fully complied with the requirements set forth in those cases as being necessary to preserve the priority of its construction loan trust deed. It was error to award priority to appellee, E.Q. Smith Plumbing & Heating, Inc. As to that, the judgment appealed from will be reversed and judgment will be entered here for appellant. In all other respects the judgment appealed from is affirmed.
THE JUDGMENT APPEALED FROM GRANTING PRIORITY TO THE LIEN OF E.Q. SMITH PLUMBING & HEATING, INC. IS REVERSED AND JUDGMENT IS ENTERED HERE FOR DEPOSIT GUARANTY NATIONAL BANK. IN ALL OTHER RESPECTS THE JUDGMENT IS AFFIRMED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.