ON MOTION OF APPELLANT TO CORRECT JUDGMENT AND RECALL MANDATE
SMITH, Presiding Justice,
for the Court:
There came on for hearing before the Court, sitting en banc, the motion of Deposit Guaranty National Bank, appellant, to correct judgment and recall the mandate dated January 22, 1981, together with the answer thereto of E. Q. Smith Plumbing & Heating, Inc., appellee.
The Court, having examined and considered said motion and answer, together with the Court’s opinion heretofore handed down in this case on November 26,1980,392 So.2d 208, and the mandate issued on January 22, 1981 pursuant thereto, finds that appellant and appellee are in agreement that the mandate is incorrect and should be recalled and that a new and corrected mandate should be issued, although said parties are not in agreement as to what the latter should provide and order.
Having considered the said opinion, the mandate dated January 22, 1981, the motion of appellant and response of appel-lee thereto, we find that, because of an ambiguity in our said opinion, said mandate did not correctly and adequately reflect the decision and judgment of this Court, and that the motion of appellant to correct judgment and recall the said mandate should be, and is, sustained and the said mandate of January 22, 1981 is withdrawn and recalled.
*7 In order more fully and accurately to reflect the decision and judgment of this Court, a new mandate is ordered to issue, said new mandate to set out that it is the decision of this Court that the decision and judgment of the Circuit Court of Hinds County is affirmed in part and reversed in part, as follows:
We affirm the action and judgment of the Circuit Court that:
(1) The lien of Deposit Guaranty National Bank under its deed of trust on Lot 196 was a first, paramount and superior lien thereon.
(2) The sale of said Lot 196 under conventional or statutory foreclosure of said deed of trust cut off and extinguished the liens of laborers and materialmen on said Lot 196.
The said circuit court erred and we reverse its decision and judgment which held:
(1) That the lien on said Lot 196 of E. Q. Smith Plumbing & Heating, Inc. was not cut off and extinguished by said conventional and statutory foreclosure sale under said deed of trust.
(2) That a judicial sale was necessary to cut off and extinguish the lien of said E. Q. Smith Plumbing & Heating, Inc. on said Lot 196.
(3) That E. Q. Smith Plumbing & Heating, Inc. notwithstanding said foreclosure sale, has a valid or enforceable lien on said Lot 196.
As to each of said above matters the decision and judgment of said circuit court is reversed and judgment is entered here that the lien of said E. Q. Smith Plumbing & Heating, Inc. on said Lot 196 was cut off and extinguished by said foreclosure sale and said E. Q. Smith Plumbing & Heating, Inc. has no lien upon said Lot 196.
We direct that the foregoing be published in the Mississippi reports immediately following the opinion in this case of November 26, 1980 as an addendum thereto and as a clarification of the decision of this Court in this case, and further direct that a new mandate issue in keeping herewith.
Motion to correct judgment and recall mandate sustained.
THE CASE IS AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
All Justices concur.